EDWIN R. BRINCKERHOFF et al., as Executors of and Trustees under the Will of MICHAEL W. WALL, Deceased, Appellants, v. MARIE C. FARIAS et al., Respondents, and WILLIAM F. WALL, Appellant, Impleaded with Others.

APPEAL — QUESTION NOT RAISED BELOW. Where a defendant, in an action to procure the settlement of plaintiffs' accounts as trustees, fails to answer or object to the accounts as filed, or to raise any question upon the trial or during the hearing before the referee by any specific objection or exception, an objection raised by him for the first time in the Court of Appeals on an appeal from the judgment will not be available to reverse it.

*Brinckerhoff* v. *Farias*, 52 App. Div. 256, affirmed.

(Argued March 5, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 3, 1900, modifying and affirming as modified a judgment entered upon the report of a referee in an action to procure the judicial settlement of the accounts of Edwin R. Brinckerhoff and Frank T. Wall as executors and trustees under the will of Michael W. Wall, deceased.

The facts, so far as material, are stated in the opinion.

*Arthur H. Van Brunt* for William F. Wall, appellant.

*C. N. Bovee, John McG. Goodale* and *Stewart L. Woodford* for Francesca J. Wall, respondent. The appellant is not in a position to make his claim, because he did not raise

it at the trial. (*Serviss* v. *McDonnell*, 107 N. Y. 266; *Snider* v. *Snider*, 160 N. Y. 151; *Stapenhorst* v. *Wolff*, 65 N. Y. 596.)

O'BRIEN, J. Michael W. Wall died in the year 1888, leaving a will which was admitted to probate. The plaintiffs are the executors and trustees under the will, and bring this action for a judicial settlement and adjustment of their accounts as trustees. The beneficiaries and parties interested in the estate were made defendants. The testator by his will disposed of a large estate. A considerable portion of it was given in trust to the executors for the benefit of two children, namely, a daughter and the defendant William F. Wall, the latter being the only party who has perfected an appeal to this court, or, at all events, the only party who is now entitled to be heard, since the appeal by the executors has been abandoned.

This action was commenced in June, 1894, when it was found that in consequence of certain provisions of the will which authorized the investment by the trustees of a portion of the trust funds for the benefit of William F. Wall in the business of the National Cordage Company, and for various other reasons, much of the estate had been lost and the accounts of the executors were in a very confused and complicated condition. As the executors prayed in the complaint for a discharge, it became necessary to have an accounting of all their transactions from the beginning, and after the cause was at issue it was referred to a referee to hear, try and determine. The record before us contains nearly five hundred pages, a considerable portion of which consists of tables and columns of figures, evidently made up by an expert bookkeeper, and so arranged that it is quite difficult for any one but an expert to understand. That part of the record which is made up of these complex tables is quite bewildering, and as the issues have already been passed upon by the referee at the trial and by the court at the Appellate Division, it is no part of the duty of this court to go through these tables in

order to detect some error in calculation or in the marshaling of assets. Fortunately, it is not necessary to do so, since but a single question has been suggested for our decision in the briefs of counsel and in the oral arguments. The single point is made by the counsel for the defendant William F. Wall, and that is that a certain item of $31,250.00 should have been apportioned equally to the trust in his favor and another trust in favor of his sister, whereas the apportionment that the learned referee actually made of the assets was in the proportion of eighty-four and one-half per cent to the trust for the sister and fifteen and one-half per cent to the trust for the defendant William F. Wall. One of the main reasons for this disproportion in the distribution was that more than ninety thousand dollars of the share of William F. Wall was invested, under the authority of the will, in the business of the National Cordage Company and became a total loss. The learned counsel for the defendant William F. Wall bases his contention upon the single proposition, and that is that the item referred to was rent and should have been apportioned in equal parts to each of the beneficiaries under the trusts. The origin of this item is involved in much obscurity, and neither party to the litigation has given any light that would enable us to determine the source from which it came. It appears that a certain piece of real estate, which was valued and sold for about $375.00, and which was rented under a ninety-nine-year lease for ten dollars a year, produced in five years instead of fifty dollars, or the rent reserved by the lease, the enormous sum of $31,250.00, and since the referee in his opinion, and perhaps in his report, described this large item as rent, it is said that these expressions in the opinion and in the report are conclusive upon this court, and that we must change the judgment of the courts below by distributing this item in equal parts to the two trusts. It is quite certain that whatever terms could have been employed by the courts below in describing this item, they treated it in precisely the same way as the rest of the assets; that is, apportioned it in the proportion above described to each of the

trusts, and I think it would be difficult to show that this dis-
tribution of the item involved any error of law.

In the first place, the counsel agree that the will in its terms
worked an equitable conversion of the real estate into money
for all the purposes of this case, and as the capital, that is, the
piece of real estate which produced this large item, was
apportioned in the ratio above mentioned, it is difficult to see
how there can be any legal error in apportioning the income
according to the same rule that is applied to the principal or
capital.    Moreover, we have before us the case of a tenant
who was bound by his lease to pay ten dollars a year rent, but
who actually paid over six thousand dollars a year, and it is
said that the whole sum must in law be treated as rent, although
only fifty dollars of it was reserved by the lease.    The execu-
tors did not treat it as rent, nor did the referee or the Appel-
late Division.    The question is, whether this court can say, as
matter of law, that they erred in disposing of it as they did.
I am not able to discover either in the record or in the argu-
ments of counsel any clear or specific reason for interfering
with the settlement of the accounts in the courts below; and
even if we were justified in departing from the rule, which
prevails in this court, that the disposition of such questions in
the courts below will be deemed to be correct until the con-
trary appears, it is difficult to see how the defendant is in any
position to raise the question or to attack the judgment of the
court below.

As already stated, he was made a defendant in the action,
but failed to answer.    He raised no question of this kind or
of any kind upon the trial.    He made no objection to the
account as presented by the executors; he took no exception
to the ruling or decision of the referee at the trial, and failed
to bring any such question, as his counsel has discussed in
this court, to the attention of the referee at the trial.    It is
true that he filed some exceptions to the referee's report, but
they were general exceptions to all that he had decided,
and at no time did he present in any form the specific point
which is now raised, namely, that this large item of rent

should be apportioned equally between the two trusts. In fact, the contention of the defendant William F. Wall at the trial before the referee and at the Appellate Division was distinctly to the contrary. He there contended that the item was not rent, and made no claim that it was to be apportioned according to a different rule than that applied to the rest of the assets; and it was not, it seems, until the Appellate Division had affirmed the judgment of the referee that the defendant assumed his present attitude in regard to the item in question. The learned and ingenious counsel who argued the case in this court has discovered from a study of the complicated tables embraced in the record that the $375.00, which represented capital, or the value of the piece of real estate in question, was apportioned equally between the two trusts, and from that circumstance he argues that the large item which is called rent should have been apportioned in the same way. There are some inconsistencies between the opinion of the learned referee and the findings contained in his report, and the counsel upon both sides in this court have attempted to show that he held both ways in regard to the character of this part of the assets. But, after an examination of the referee's report I have been unable to observe any distinct finding in which he apportioned the capital which produced the fund, or, in other words, the piece of real estate in question valued at $375.00, in any other way than he did the rest of the assets. That is, he apportioned it to each trust in the proportion already referred to, and apportioned the income or rent, or whatever else it may be called, according to the same rule that he applied to the property from which it was derived. In effect he treated all the assets as personal property, as he might under the directions of the will, which accomplished an equitable conversion. The loss of over ninety thousand dollars of that part of the estate, which the executors had apportioned to the trust in favor of the son, reduced his share in the assets liquidated subsequently to fifteen and one-half per cent, and in making the apportionment he treated the amount received for the sale of the real estate and the income therefrom in the same way that he

treated all the other assets.   The referee put all the available assets of the estate together and then found that by reason of the loss in the rope business what was left should be apportioned to the two trusts in proportion of eighty-four and one-half per cent to that of the daughter and fifteen and one-half per cent to that of the defendant.  He put the item in question in the general income fund and apportioned it in the same ratio, and he did the same with all other real estate and the income therefrom.   I am unable to discover any error in this method of apportionment; it was in conformity with the contention of the defendant at the trial and at the Appellate Division.   It seems to me that this is a case where the defendant has attempted to raise a point in this court for the first time, having failed to answer or object to the accounts as filed, or to raise any question upon the trial or during the hearing before the referee by any specific objection or exception.   It is not the province of this court to examine the complicated tabulations involved in the statement of the accounts in order to find some error in the marshaling of the figures sufficient to disturb the judgment.   A question raised in this court for the first time is not available to reverse a judgment even though the question involves the validity of a penal statute.   (*Dodge* v. *Cornelius,* 168 N. Y. 242.)   This is a proper case in which to apply that rule, since it is impossible to find in the record any specific objection, finding or exception pointing out the error of which the defendant now complains.

The argument of the counsel for the defendant is based upon detached and incidental expressions to be found in the long opinion and report of the referee which may seem to be somewhat inconsistent with each other.   In fact, his whole argument rests upon one of these alleged inconsistencies, and that is that, whereas the referee apportioned the fee value of the real estate, that is, $375.00, to each trust in equal parts, he should have apportioned the rent, so called, in the same way, although the defendant's position at the trial was that it was not rent.   The difficulty now is that his changed position in regard to this item requires this court to grope through this

record in order to find things that the referee did not find. We must find that the fee value of the real estate was apportioned equally to the two trusts, a proposition that is denied by the respondents, and both counsel are able to cite figures from the tables to show that it was or was not according to their respective contentions upon this appeal. The case would present no such difficulty had the learned counsel for the defendant distinctly pointed out to the referee at the trial by means of some request, objection or exception the precise question that he has presented to this court. We would then have the benefit of a distinct ruling or finding upon the question and not be left to draw inferences from the tables of figures in the record from which both sides upon this appeal draw conflicting conclusions or inferences. In order to warrant this court in interfering with a judgment of this character, it ought to have some sure and specific basis for its action. There is no specific finding in the case to show that the item in question was improperly or illegally apportioned by the referee except the claim that the capital, or fee value of the real estate, from which the fund was derived, was apportioned according to some other rule. This is denied by the counsel for the respondents, and in the absence of a specific finding on the subject the controversy is not properly raised in this court for the first time. If it be true, as claimed by the learned counsel for the appellant, that the capital or $375.00 was apportioned equally between the trusts, that disposition may have been erroneous, since we can conceive of no reason why real estate converted into personal property by the terms of the will should be treated in the accounting in any different way than the rest of the assets.

The judgment should, therefore, be affirmed, with costs to the defendants, William F. Wall and Francesca J. Wall, payable out of the estate.

GRAY, CULLEN and WERNER, JJ. (and PARKER, Ch. J., MARTIN and VANN, JJ., in result), concur.

Judgment affirmed.